Richard J. McCord, Esq.  
Robert D. Nosek, Esq.  
CERTILMAN BALIN ADLER & HYMAN, LLP  
Counsel to the Debtor and Debtor in Possession  
90 Merrick Avenue  
East Meadow, NY 11554  
(516) 296-7000  

Hearing Date: May 18, 2023  
At: 10:00 a.m.  

Objections Due By: May 11, 2023  
At: 4:30 p.m.  

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
In re:  

BEN'S GARDEN INC.,  

                    Debtor.  
-----------------------------------------------------------x  

Chapter 11  

Case No.: 22-72391-las  

## DEBTOR'S MOTION FOR ORDERS EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY

TO:    THE HONORABLE LOUIS A. SCARCELLA  
        UNITED STATES BANKRUPTCY JUDGE

Ben's Garden Inc., as a debtor and debtor in possession (the "Debtor") in the above-captioned case, by its counsel, Certilman Balin Adler & Hyman, LLP, respectfully submit this motion (the "Motion") seeking entry of (i) a bridge order pursuant to Rules 1001-1(c) and 6006-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules"), granting the Debtor an extension of its time to assume or reject its unexpired lease of non-residential real property located at and known as 141 Main Street, Stony Brook, New York (the "Premises") from which it operates its business, through and including the hearing date on the Motion, and (ii) an order pursuant to § 365(d)(4) of title 11, United States Code (the "Bankruptcy Code") granting the Debtor an extension of time to assume or reject the same unexpired lease of non-residential real property through and including July 7,

2023, or such further deadline consented to by the Debtor's Landlord (the "Requested Deadline") and respectfully represents as follows:

## BACKGROUND

1. On September 12, 2023 (the "Petition Date"), the Debtor filed a voluntary petition with this Court thereby commencing a case under subchapter V of chapter 11 of the Bankruptcy Code.

2. The Debtor is authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor in possession under Bankruptcy Code §§ 1184.

3. To date, no committee or examiner has been appointed in this case. Ronald J. Friedman, Esq., is the appointed Subchapter V trustee in this case.

## RELIEF SOUGHT

4. On or about October 1, 2020, the debtor entered into a lease of non-residential real property with Eagle Realty Holdings, Inc. (the "Landlord"), as landlord, for the Premises with a currently expiration date of September 30, 2025 (the "Lease"). A copy of the Lease is annexed hereto as **Exhibit A**. As of the filing of this Motion, the Debtor is current on its rent obligations under the Lease through March 31, 2023, with April 2023 rent currently due and outstanding.

5. The Debtor is seeking an extension of time to assume or reject the Lease because it expects to assume the Lease under a plan of organization. On January 31, 2023, the Debtor filed its proposed *First Amended Ben's Garden Inc.'s Subchater V Plan of Reorganization, Dated January 31, 2023* [ECF Doc. No. 63] (the "Plan"). The Plan, if confirmed, provides for the assumption of the Lease.

6. Until the Debtor's Plan is confirmed, the Debtor is not in a position to determine whether its Lease should be assumed or rejected. For example, if the Debtor was to assume the Lease now but the Plan is not confirmed, and the Debtor thereafter has to reject the Lease, then the Debtor's estate might be forced to incur an administrative expense equal to the rent on the remaining term due under the Lease after the date of rejection. *See* 11 U.S.C. § 503(b)(7); s*ee also In re Klein Sleep Products, Inc.*, 78 F.3d 18, 28-29 (2d Cir. 1996).

7. By Stipulation fully executed as of April 7, 2023, the Debtor and the Landlord entered into an agreement with the Landlord consenting to extend the Debtor's time to decide whether to assume or reject the lease for an approximately additional ninety days to July 7, 2023 (the Landlord Stipulation"). A copy of the Landlord Stipulation is annexed hereto as **Exhibit B**.

8. By this Motion, the Debtor seeks to extend its time to assume or reject the Lease through and including July 7, 2023 consistent with the Landlord's consent in the Landlord Stipulation. Such extension does not change any terms of the Lease.

**The Existing Deadline**

9. Bankruptcy Code § 365(d)(4) provides as follows:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential property under which the debtor is the lessee shall be deemed rejected and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of —
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.
>
> (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

11 U.S.C. § 365(d)(4).

10. The Debtor has until April 10, 2023 (the "Present Deadline") to assume or reject its Lease or request an extension from the Court for up to an additional ninety days pursuant to Bankruptcy Code §365(d)(4).

11. Either Debtor's failure to take any action to assume or reject its Lease or to fail to obtain an extension of the Present Deadline would result in the Lease being deemed rejected, with the Debtor required to immediately surrender its premises. *See* 11 U.S.C. §365(d)(4). The Debtor would then be forced to either negotiate a new lease at what might be less favorable terms or find new space and notify all of its suppliers, vendors, and customers, with the hope that it will not interrupt its business operations.

12. In this case, the Debtor negotiated consent to an extension of the Present Deadline to July 7, 2023 prior to the expiration of that deadline. *See* Landlord Stipulation.

**Justifications for Extending the Present Deadline**.

13. Under Bankruptcy Code § 365(d)(4), this Court may extend the Present Deadline for an additional 90 days for "cause." *See* 11 U.S.C. § 365(d)(4)(B)(i). The Second Circuit has developed a non-exclusive list of factors to consider in determining what constitutes sufficient "cause" to extend the time period within which a debtor may assume or reject unexpired lease of nonresidential real property. *See S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996); *Vermont Partners, Ltd. v. Thaler (In re Poseidon Pool & Spa Recreational, Inc.)*, 377 B.R. 52, 61 (E.D.N.Y. 2007) (citing *Burger Boys* in affirming bankruptcy court granting of extension of time to assume or reject non-residential real property lease); *In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987).

14. Those factors include: (a) whether the lease is an important asset of the estate; (b) whether the decision to assume or reject the lease would be central to any plan of reorganization;

(c) the complexity of the case; (d) the number of leases at issue; and (e) a debtor's need for additional time to complete an intelligent appraisal of the value of a lease to a plan of reorganization. *See Wedtech*, 72 B.R. at 471-72; *see also Burger Boys*, 94 F.3d at 761 (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-106 (2d Cir. 1982)).

15. Those factors support a finding of cause to extend the Present Deadline in this case to the Requested Deadline. First, the Lease is valuable asset of the Debtor's estate because the Debtor operates its business from the Premises. Whether the Lease is assumed or rejected is important with respect to the Debtor's exit strategy for the case. The Plan provides for the assumption of the Lease. If the Debtor is forced to decide now whether to assume or reject its Lease, the Debtor could incur a substantial administrative expense if the Plan is not confirmed. The Landlord consents to an extension of the assumption or rejection deadline to the Requested Deadline. Regardless, there is no prejudice to the Landlord if the Court grants the requested 90-day extension. It is anticipated that the process to confirm the Plan will be complete prior to the Requested Deadline.

16. Therefore, an extension of the Present Deadline will allow the Debtor sufficient time to complete its Plan processes, and the Debtor and its professionals to devote its time and attention to focusing on consummating the current exit strategy.

### Interests of Justice and "Cause" Also Exists for Entry of a Bridge Order

17. The Debtor secured the written consent of the Landlord and filed this Motion prior to expiration of the Present Deadline. Notwithstanding that written consent, the Debtor requests that the Court enter a bridge order so that there is no question the deadline to assume or reject has been extended.

18. Pursuant to E.D.N.Y. Local Rules 1001-1(c) and 6006-1(b), and the accompanying Local Rule 9077-1 Affirmation, attached is a proposed order (the "Bridge Order") seeking an extension for "cause" under Bankruptcy Code §365(d)(4)(B)(i) of the Present Deadline to the date of the hearing on the Motion. A proposed Bridge Order is annexed hereto as **Exhibit C**.

19. The Debtor respectfully submits that for the reasons set forth above, a finding of cause is warranted to enter the proposed Bridge Order without further notice or a hearing.

## CONCLUSION

20. The Debtor proposes to serve this Motion on: (a) the Office of the U.S. Trustee for Region 2; (b) all persons and entities who have filed a requested notice of appearance and request for documents in this case; (c) the Landlord and its counsel; and (d) all known creditors and parties in interest, by first class mail. The Debtor submits that no additional notice of this Motion is necessary.

21. In accordance with the foregoing, the Debtor respectfully submits that entry of the proposed Bridge Order and approval of the Motion is in the best interests of the Debtor, its estate, and its creditors.

22. No previous application or motion for the relief sought herein has been submitted to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court: (a) enter prior to the hearing on the Motion the proposed Bridge Order; (b) "so order" the Landlord Stipulation granting the relief requested herein; and (c) grant such other and further relief as the Court may deem proper.

Dated: East Meadow, New York
April 10, 2023

8010332.1

**CERTILMAN BALIN ADLER & HYMAN, LLP**
Counsel to the Debtor and Debtor in Possession

By: /s/ Robert D. Nosek
**RICHARD J. MCCORD, ESQ**
**Robert D. Nosek, Esq.**
90 Merrick Avenue
East Meadow, New York 11554
(516) 296-7000

8010332.1