Richard J. McCord, Esq.
Robert D. Nosek, Esq.
Certilman Balin Adler & Hyman, LLP
Counsel to the Debtor and
Debtor in Possession
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
(516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

BEN'S GARDEN INC.,

                    Debtor.
-----------------------------------------------------------x

Chapter 11

Case No.: 22-72391-las

## AFFIRMATION PURSUANT TO E.D.N.Y. LBR 9077-1(b) AND (c)

**ROBERT D. NOSEK, ESQ.**, the undersigned, an attorney duly licensed to practice law in the Courts of New York State and in this Court, hereby affirms the following to be true under the penalties of perjury:

1. I am of counsel to Certilman Balin Adler & Hyman, LLP, counsel to Ben's Garden Inc., as a debtor and debtor in possession (the "<u>Debtor</u>") in the above-captioned case, and, as such, am fully familiar with the facts and circumstances of this matter.

2. The instant affirmation is submitted in accordance with E.D.N.Y. LBR 9077- 1(b) in support of the *Debtor's Motion for Orders Extending Time to Assume or Reject Unexpired Leases of Non-Residential Real Property* (the "Section 365(d) Motion").

### Extending Period of Rule 6006-1(b) for Bridge Order

6. Local Rule 6006-1 permits the submission of a bridge order when seeking to extend a debtor in possession's time to assume or reject a non-residential real property lease under § 365(d)(4)(B)(i), which local rule provides in relevant part that:

1

> If the debtor, debtor in possession, or trustee files a motion to assume or to extend the time to assume or reject an unexpired lease of nonresidential real property, and the motion is filed prior to the expiration of the time to assume or reject the unexpired lease with a return date no later than 14 days from the date of the expiration of the time to assume or reject such lease, the debtor, debtor in possession, or trustee shall file with its motion a proposed order seeking an extension for cause under § 365(d)(4)(B)(i) of the time to assume or reject the unexpired lease to the date of the hearing on the motion, which order may be entered without further notice or a hearing, except that the time for the debtor, debtor in possession, or trustee to assume or reject such unexpired lease shall not be extended beyond the date that is 210 days after the entry of the order for relief without the prior written consent of the landlord.

E.D.N.Y. LBR 6004-1(b). LBR 1001-1 provides in relevant part that "[i]n the interest of justice or for cause, the Court may modify or suspend the requirements set forth in these rules. *Id.* at 1001-1(c).

7. The deadline for the Debtor to assume or reject its Lease of non-residential real property is today, April 10, 2023. The Landlord has entered into a written consent to the relief requested in the Motion, which is annexed to the Motion as Exhibit B. Substantially contemporaneous with the fling of this Affirmation, the Debtor is filing the Section 365(d) Motion to extend its time to assume or reject the Lease for approximately ninety days under § 365(d)(4)(B)(i) on the written consent of the Landlord.

8. The Debtor respectfully requests that a bridge order be entered scheduling the hearing on the Section 365(d) Motion for Thursday, May 18, 2023, at 10:00 a.m. It is respectfully submitted that no party, particularly the Landlord, would be prejudiced by the entry of the proposed bridge order because the Landlord has already consented to the extension of the deadline to assume or reject. On the other hand, there could be great prejudice to the Debtor if its lease was rejected by operation of law. It would disrupt operations and pull focus of

management from the reorganization process. Furthermore, the Debtor's proposed plan contemplates assuming the Lease.

9. Based on the foregoing, the Debtor submits that in the interest of justice, and for cause, adjustment of the bridge order period currently provided in LBR 6004-1(b) is reasonable and appropriate given the facts and circumstances of this case. A copy of the proposed bridge order is annexed to the Rule 365(d) Motion as Exhibit C.

12. The Debtor submits that the requested bridge order is warranted, provides for a continued efficient administration of the Debtor's case, and does not prejudice any creditors or parties in interest over any adjustment in timing of notice and hearing on the relief sought.

13. No prior application has been made to this or any other court of competent jurisdiction for the specific relief requested herein, although the Debtor has requested, and received approval of, other instances shortening notice deadlines.

14. Accordingly, based upon the foregoing, it is respectfully submitted that this Court enter the requested procedural order.

Dated: East Meadow, New York
      April 10, 2023

                                   /Robert D. Nosek
                                   Robert D. Nosek, Esq.